[For subsequent proceedings, see Case No. 15,234.]

## Case No. 15,234.

### UNITED STATES v. GORDON.

[1 Cranch, C. C. 81.] [1]

Circuit Court, District of Columbia. April Term, 1802.

#### SELLING LIQUOR WITHOUT LICENSE.

Under the act of Virginia prohibiting the sale of spirituous liquors without license, all the acts of selling before conviction constitute but one offence.

## Case No. 15,234a.

### UNITED STATES v. The GORDON.

[N. Y. Times.]

District Court, S. D. New York. Dec. 14, 1862.

#### PRIZE—CAPTURE BY ARMY AND NAVY—THE BLOCKADE.

This vessel was captured in Beaufort at the same time as the Alliance. She was also of American build, owned by the same owners in this country, and transferred at the same time to the same English claimants, and entered the port of Beaufort seven days after the Alliance, having knowledge of the blockade, and was loaded there prior to Sept. 14, 1861, and documented for departure in substantially the same manner. She brought there from Liverpool 4,300 sacks of salt, and 112 tons of iron. The master, Jennings, knew the port was blockaded, but says the first blockading vessel he saw there was on Sept. 6 or 7. Most of her cargo was taken on board after that date. This master was put in command at Beaufort, after her former master, Gooding, left her. The steamer Nashville, coming in there, left a few days after the change, and Jennings says it was rumored that Gooding took command of the Nashville and went to sea in her, and he had not seen him since. One objection taken by the claimants was that at the time of the capture Beaufort was in the custody of the army of the United States, and a neutral vessel there was not subject to capture.

Mr. Upson and Mr. Andrews, for the United States and captors.

Mr. Edwards, for claimants.

HELD BY THE COURT: That the presumption from the fact is exceedingly cogent that the voyage was set on foot and prosecuted to its termination with full knowledge of the blockade and intent to invade it. No proof is found in the ship's papers or in the

[1] [Reported by Hon. William Cranch, Chief Judge.]

preparatory examinations repelling or displacing such presumption. That it is not shown that there was any co-operation between the land and naval forces in the arrest of this vessel on this occasion, nor any concert even in the proceedings leading to that end; nor does the army make claim to any interest in the capture. If the vessel and cargo were in delicto, and subject to condemnation for her acts, the claimants have no power to contest in the prize court the competency of the libelants alone to control the proceeds of the forfeiture. That Beaufort was an enemy port to the United States, and the acts of the vessel in going there and whilst in it were hostile to the United States, and impressed upon them the character of enemy property. That it is a legal cause of forfeiture for a neutral vessel to clothe herself in time of war with protective documents obtained from the enemy. That there is in these various particulars ample cause for condemnation of vessel and cargo. Decree accordingly.